*McIntire, Walsh & Bernstein,* for defendant.

---

13904, 13960.   EVERETT v. SHY; and *vice versa.*

BELL, J. This case arose upon a distress warrant which was converted into mesne process by a counter-affidavit. Upon the trial the jury returned a verdict in favor of the plaintiff, but for less than the sum distrained for. The defendant filed a motion for a new trial, which was granted. The plaintiff excepts to that judgment, and the defendant's cross-bill of exceptions assigns error upon exceptions pendente lite to the allowance of an amendment of the plaintiff to the affidavit and the warrant. Service of the main bill of exceptions was made on June 30, and the cross-bill was tendered and certified on September 29 following. Plaintiff in error in the main bill of exceptions moves to dismiss the cross-bill, for the reason that it was not tendered within the time allowed by law. *Held:*

1. The nature of the evidence in regard to credits which were claimed by the defendant was such that this court cannot say that the jury would not have been authorized to find for the plaintiff a lesser sum than that awarded. The verdict in the sum rendered not being demanded, the first grant of a new trial will not be disturbed.

2. The cross-bill of exceptions not being "tendered to the trial judge within 30 days from the date of the service of the principal bill of exceptions," must be dismissed, notwithstanding "the effect of the affirmance [of the judgment upon the main bill] is to leave the case to be tried again in the court below." *Roberts* v. *Northwestern &c. Insurance Co.,* 143 *Ga.* 780 (3) (85 S. E. 1043); Civil Code (1910), § 6139.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Distraint; from Twiggs superior court — Judge Kent. June 10, 1922.

*Jordan & Moore,* for plaintiff.

*Martin & Martin,* for defendant.