15736, 15743.   EVERETT *v.* SHY; and *vice versa.*

1. In the trial of a suit upon a debt evidenced by promissory notes, the defendant, upon sufficient pleadings, will be entitled as of course to the benefit of entries of credit appearing on the notes unexplained.

2. Where payments were proved by extraneous evidence and were different in dates and amounts from entries of credit on the notes, this, without more, did not conclusively establish that the credits so entered and the payments proved by the other evidence were the same, though the dates of such payments were anterior respectively to the dates of the entries of credit.

3. Where, in such a case, there is nothing aside from the transactions themselves to deny or explain the entries, or to reconcile or identify them with the payments affirmatively proved, it can not be said as a matter of law that a jury, on the trial of the issue duly made, should not allow the defendant credit for the payments so proved, in addition to the entries themselves.

4. Applying these rulings to the facts of this case, the evidence did not demand a finding for the plaintiff in a larger amount than that awarded. No error of law is complained of. The court did not err in' overruling the motion for a new trial.

DECIDED OCTOBER 16, 1924.

Distraint; from Twiggs superior court—Judge Kent.   April 28, 1924.

*L. D. Moore,* for plaintiff.

*Martin, Martin & Baldwin,* for defendant.

BELL, J.   This is a case where a distress warrant for rent was converted into mesne process by the tenant's counter-affidavit denying indebtedness.   It was unquestionably established on the trial

that on February 5, 1919, the defendant tenant executed three notes for the aggregate amount of $1250, due October 1, 1919, for the rent of certain lands of the plaintiff landlord. Upon the back of the notes appeared the following credits: October 20, 1919, $262.50; November 10, 1919, $162.42. The other evidence showed that the defendant made partial payments on the rent as follows: Account sales, for two bales of cotton, dated October 7, 1919, issued by a cotton broker in favor of the landlord, for $263.50; check dated October 10, 1919, for $165.61; check dated November 7, 1919, for $300. The making of these payments was established without dispute. The jury returned a verdict in favor of the plaintiff, for the sum of $96.97 only, apparently allowing as credits to the tenant the amounts not only of the account sales and checks, but also of the entries of payment endorsed on the back of the notes. The plaintiff filed a motion for new trial, based on general grounds, and the case is here upon exceptions to the overruling of that motion.

It is contended by the plaintiff that the verdict was insufficient in amount; that the aggregate credit entry of $262.50, dated October 20, 1919, was for the account sales of October 7, for $263.50; and that the entry of payment of $162.42, made on November 10, 1919, is identical with the check of October 10, 1919, for $165.61. It is insisted, in other words, that the jury in their verdict allowed the tenant credit not only for the entries of payment, but also for the actual payments which the entries represented; and that the verdict therefore was for less than the plaintiff, as a matter of law, under the evidence, was entitled to recover.

There was evidence offered by the defendant sufficient to authorize the inference that the landlord's husband, acting as her agent, accepted as part payment of the rent a note executed by a third person to the defendant for the subrental of a portion of the lands rented to the defendant. The plaintiff offered positive evidence to show that her agent did not receive the note as payment, including a letter written by the tenant, stating that he was "sending" the note to the agent not as a payment on the rent, but only that he might help the tenant collect it. A son of the agent testified that he saw his father open the letter, which was received by mail, and that the note was enclosed. The defendant, not denying that the letter was written and received, offered evidence which authorized the jury to find that the note was not enclosed in

the letter, but was "sent" to the agent by the tenant's son, and, despite the letter, that the agent received it with the express understanding that it would be credited on the rent notes. The notes were introduced in evidence by the plaintiff, with the entries of payment thereon. Prima facie the tenant was entitled to the credits appearing, and was not obliged to prove these credits or refer to them in his evidence. Where payments were proved by extraneous evidence and were different in dates and amounts from the entries on the notes, this, without more, did not conclusively establish that the credits on the notes and the *payments otherwise proved* were the same, although the dates of such payments were anterior respectively to the dates of the credit entries. Aside from the transactions themselves, as indicated above, there is nothing in the evidence to deny or explain the entries, or to reconcile or identify them with the payments which the defendant affirmatively proved. It is probably true that the inherent circumstances would have authorized an inference that the first entry of credit was merely for the payment previously made, as shown by the defendant's evidence. There were three of the notes, all dated February 5 and due October 1, 1919, for $50, $200, and $1000, respectively. The account sales from the cotton broker for $263.50, was issued to the plaintiff on October 7, 1919, for two bales of cotton which the tenant had shipped to the broker with the understanding that the proceeds of the sale thereof were to be paid to the landlord on the rent. On October 20 an aggregate credit entry of $262.50 was made, as follows: The $50 and $200 notes were marked paid, and a payment of $12.50 was entered on the $1000 note. At the time the entry was made, interest of approximately but not exactly $1, whether at 7 or 8 per cent. per annum, had accumulated on the two small notes marked paid in full. From these facts the jury would probably have been authorized, although not required, to find that the combined credits of $262.50 made October 20 were but entries of the payment evidenced by the account sales. However, the check of $165.61 of October 10 is in no way connected with the credit of $162.42, made on the $1000 note on November 10. There seems to have been no reason why the plaintiff should have been deducting interest at that time, for only a partial payment was made and credit was entered on the remaining unpaid note. This note carried

its own interest; besides, the payment was by check and the credit was not made until a month later.

There is no way of determining which of the credits claimed were allowed by the jury. Under the evidence it would appear that a general verdict for the defendant would have been authorized. A calculation will demonstrate that the verdict *as returned* would have been warranted even though the jury had eliminated the note of the subtenant for $272.50. They might have found less than they did for the plaintiff, had they considered this note as a credit but believed that the credit entry of $262.50 represented the proceeds of the account sales in the amount of $263.50.

When the case was here before (30 *Ga. App.* 383, 118 S. E. 577), upon exceptions to the grant of a new trial to the tenant, we held that the verdict was not demanded in favor of the plaintiff for $520.89, as then rendered. It is now held that a verdict was not demanded for the plaintiff in a sum greater than $96.97, the amount awarded in the second trial.

No errors of law are complained of. The court did not err in overruling the motion for a new trial.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*